UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   **Case No.**
JAIME DOE,

                        Plaintiff,

             - against -

FEDCAP REHABILITATION SERVICES, INC,
CHRISTINE MCMAHON, *individually*, and
JOSEPH GIANNETTO, *individually*,

                       Defendant.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION REQUESTING LEAVE FOR PLAINTIFF TO PROCEED PSEUDONYMOUSLY OR, IN THE ALTERNATIVE, FOR AN ORDER SEALING THE COMPLAINT

Plaintiff, proceeding pseudonymously as JAIME DOE ("DOE" or "Plaintiff"), through their attorneys, Phillips & Associates, PLLC, respectfully submits the below Memorandum of Law in support of Plaintiff's Motion requesting leave to file their Complaint and proceed in litigation pseudonymously or, in the alternative, for an order sealing the Complaint.

**A.** **Legal Framework Governing Motions to Proceed Pseudonymously**

Fed. R. Civ. Pro. 10(a) requires that the title of a complaint name all parties. However, courts have approved of plaintiffs litigating under a pseudonym in certain circumstances. See Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 189 (2d Cir. 2008). When determining whether a plaintiff should be permitted to proceed pseudonymously, courts must balance the plaintiff's interest in anonymity against both the public interest in disclosure and any prejudice to the defendant. Id. The Court in Sealed Plaintiff gives a non-exhaustive list of ten factors to consider when determining whether to allow a plaintiff to proceed pseudonymously, which include:

1

"(1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature,"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties,"; (3) whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,""; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [their] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [their] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

Id. at 189-190 (internal citations omitted).

### B.  Material Facts Relevant to Plaintiff's Motion

An analysis of the factual allegations in the case at bar supports Plaintiff's request to proceed pseudonymously. Plaintiff, is a gender-neutral person, who began working for Defendants on August 4, 2014. Plaintiff's Complaint ("Compl.") ¶ 19. Plaintiff is currently out on medical leave, due to the sever effects of the hostile work environment at Defendant FEDCAP REHABILIATION SERVICES, INC. ("FEDCAP"). The Plaintiff has the preferred pronounces of "they" "their" and "theirs." Compl. ¶ 9.

From in or around June 2015, when Plaintiff chose to not pursue breast reconstruction, Plaintiff began experiencing a hostile work environment, at the hands of Defendant CHRISTINE MCMAHON ("MCMAHON") due to Plaintiff's choice against reconstruction surgery (disability - breast cancer), sexual orientation (queer), and gender (gender non-conforming/genderqueer/ trans masculine). See generally Compl.. This harassment caused Plaintiff mental anguish, as well as, humiliation and embarrassment.

2

On or about August 10, 2015, upon Plaintiff's return from their bilateral mastectomy, to treat their breast cancer, Plaintiff began to wear a suit and tie to work, as corporate attire was expected at Defendant FEDCAP. Compl. ¶ 37. Given this attire, Plaintiff's gender identity was visually evident, even before they were open about it. Id.. On or about October 29, 2015, Plaintiff came out as genderqueer via their caringbridge.org site. Id. at ¶ 38.

Soon thereafter, in or around November 2015, Plaintiff learned they would need to take additional time off, in order to have a second surgery to remove remaining breast tissue, left over from their bilateral mastectomy. Id. at ¶ 39. However, Defendant JOSEPH GIANNETTO ("GIANNETO") refused to grant Plaintiff's FMLA leave request, despite their eligibility and above the protests of other employees. Id..

Upon Plaintiff's return, Defendants required Plaintiff to take on oversight of a failing program in New Jersey, without additional compensation or promotion. Compl. ¶ 43. Given the hostile work environment and fear of retaliation, Plaintiff felt compelled to take on the additional tasks. Id.. Soon thereafter, Plaintiff was again required to take on additional programs, without additional compensation or promotion. Id. at ¶ 44. Plaintiff again felt compelled to take on these tasks, in fear of retaliation. Id..

Despite multiple complaints to Marchene Noel ("Ms. Noel"), Human Resources Business Partner, and Lyell Ritchie ("Mr. Ritchie"), Senior Vice President of Economic Development, as well as, a complaint to Lauri Rasnick ("Ms. Rasnick"), outside counsel at Epstein Becker & Green, Plaintiff continued to face a hostile work environment due to their **perceived and/or actual disability (breast cancer, depression, anxiety, and PTSD), sexual orientation (queer), gender (gender non-conforming/genderqueer/ trans masculine), and exercising their rights under the FMLA**. See generally Compl..

3

C.      **The *Sealed Plaintiff* Factors Support Plaintiff's Motion to Proceed Pseudonymously**

With regard to the first Seal Plaintiff factor, the matters at issue in this case include allegations of discrimination based on sexual orientation (queer) and gender (gender non-conforming/genderqueer/trans masculine), which are highly sensitive areas, given the transphobic cultural atmosphere gaining momentum in the country. Courts have allowed plaintiffs to proceed anonymously in cases concerning a wide range intimate issues such as sexual assault, abortion, status as an AIDS patient, and **sexual orientation**. See Doe No. 2 v. Kolko, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (listing cases)(emphasis added). In multiple cases, Courts have allowed Plaintiffs to proceed pseudonymously, when there is concerns of publicity with identifying their sexual orientation, or to protect them on privacy concerns. See Doe v. United Servs. Life Ins. Co., 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (sexual orientation); Doe v. Alexander, 510 F. Supp. 900 (D. Minn. 1981) (transsexuality); Doe v. McConn, 489 F. Supp. 76 (S.D. Tex. 1980)(transsexuality). Plaintiff's allegations of discrimination on their sexual orientation (queer) and gender (gender non-conforming/genderqueer/trans masculine) are in line with the type of intimate issues in which courts have allowed pseudonymous plaintiffs. See e.g. Wheeler-Whichard v. Doe, 2010 U.S. Dist LEXIS 88675, *21 (W.D.N.Y. August 10, 2010)("The Court recognizes that in certain circumstances the nature of the claims or medical issues may be highly sensitive and personal or may expose a plaintiff to harm or ridicule if disclosed, see Powell v. Schriver, 175 F.3d 107, 111 (2d Cir. 1999)(transsexuals have a constitutional right to maintain confidentiality).

Secondly, there is a risk to the Plaintiff of further mental harm and even physical harm, if they are forced to proceed under their own name. Defendants made their disdain of Plaintiff and Plaintiff's sexual orientation (queer) and gender (gender non-conforming/genderqueer/trans

4

masculine) clear with their mistreatment of Plaintiff and intentional misuse of gender terms. Moreover, DOE's time with Defendant FEDCAP was permeated with insults to the mentally ill, in their presence; despite DOE's prior disclosure as someone with a mental illness (depression, anxiety, and PTSD). See e.g. Doe v. Del Rio, 241 F.R.D. 154, 160 (SDNY Dec 11, 2006)("The court deemed plaintiff's allegations likely to prompt intrusion into 'matters of utmost privacy' and 'cause social stigmatization and mental anguish,' but it required a particularized showing of the harm such intrusiveness could cause before deciding to override the presumption of disclosure. [citation omitted]). In this situation, Plaintiff can show that they would be harmed by not proceeding under a pseudonym. In that the mistreatment was compounded by turning, what would have otherwise been, an unfettering process of authenticity into one marked by solicitous disdain. This has caused Plaintiff to be taken out of work on leave by their psychotherapist, to guard their emotional stability. Plaintiff risks further emotional harm if they are forced to pursue their claim under their own name.

  The Defendant in this case is also unlikely to suffer the type of prejudice that would disfavor allowing Plaintiff to proceed anonymously. There is only one plaintiff in this case, and the Defendant is aware of their identity. Allowing Plaintiff to proceed under a pseudonym will not inhibit Defendant's ability to litigate this case. See Doe v. Colgate Univ., 2016 U.S. Dist. LEXIS 48787, *10 (N.D.N.Y Apr. 12, 2016); citing Kolko, 242 F.R.D. at 198 ("Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers.").

  There is also a public interest in allowing Plaintiff to proceed anonymously, as requiring Plaintiff to proceed in this case under their actual name may deter others from reporting similar harassment. See e.g. Kolko, 242 F.R.D. at 195. Disallowing a gender-neutral person from

vindicating their rights, without fear of the unfortunate publicity that often accompanies filing cases of this nature would chill the anti-discrimination goals of the statute.

In addition, Plaintiff respectfully requests the Court toll the statute of limitations for all claims, during the pendency of this motion.

**D.**     **Conclusion**

For the reasons stated above, Plaintiff respectfully requests that this Court allow them to proceed pseudonymously in this case or, in the alternative, for an Order sealing Plaintiff's Complaint.

Dated: New York, New York
       October 25, 2017

                                            **PHILLIPS & ASSOCIATES,**
                                            **ATTORNEYS AT LAW, PLLC**

                                            By: _____
                                            Marjorie Mesidor, Esq.
                                            Brittany A. Stevens, Esq.
                                            *Attorneys for Plaintiff*
                                            45 Broadway, Suite 620
                                            New York, New York 10006
                                            (212) 248-7431
                                            mmesidor@tpglaws.com
                                            bstevens@tpglaws.com