UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------
JAIME DOE,
                             Plaintiff,

                -v-

FEDCAP REHABILITATION
SERVICES, INC. et al.,
                             Defendants.

17-CV-8220 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

This motion presents a difficult question: whether the plaintiff, who identifies as genderqueer and trans-masculine, may sue their former employer under a pseudonym. This Court previously allowed Plaintiff to proceed under the pseudonym Jaime Doe. Defendants now move to lift that order. For the reasons that follow, the motion is granted.

**I.    Background**

Plaintiff Jaime Doe identifies as genderqueer and trans-masculine, with preferred pronouns of "they," "their," and "theirs." (Dkt. No. 13 ("Compl.") ¶ 9.)

Defendant Fedcap Rehabilitation Services, Inc., is Plaintiff's former employer. (Compl. ¶ 11.) The other two defendants were Plaintiff's supervisors at Fedcap. (Compl. ¶¶ 12–17.) Plaintiff alleges that Defendants discriminated against Plaintiff based on Plaintiff's disability (breast cancer, depression, anxiety, and post-traumatic stress disorder), sexual orientation (queer), and gender (gender non-conforming/genderqueer/trans-masculine). (Compl. ¶ 1.) Plaintiff also alleges that Defendants retaliated against Plaintiff for exercising their rights under the Family Medical Leave Act. (Compl. ¶ 1.) Plaintiff has since left Fedcap and found new employment. (Dkt. No. 32 at 5.)

Upon filing this suit, Plaintiff moved *ex parte* to proceed under a pseudonym. That motion was granted without prejudice to Defendants' right to move for relief from the order. (Dkt. Nos. 8, 9.) Defendants now move to vacate that order.

## II. Legal Standard

Federal Rule of Civil Procedure 10(a) requires that "all the parties" be named in the title of the complaint. "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188–89 (2d Cir. 2008). Courts recognize, however, that there are exceptions to this rule. Thus, "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. To aid in this balancing, the Second Circuit has identified a non-exhaustive list of factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice

> (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
>
> (7) whether the plaintiff's identity has thus far been kept confidential;
>
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
>
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
>
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (alterations, citations, and internal quotation marks omitted). "[A] district court is not required to list each of the factors or use any particular formulation as long as . . . the court balance[s] the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

## III. Discussion

The parties recognize that not all of the factors are relevant here. For that reason, the analysis below focuses on those factors disputed by the parties.

### A. Risk of Harm to Plaintiff

Plaintiff points to four types of harms if their name is revealed. First, Plaintiff argues their trans-masculinity is an intimate detail that Plaintiff wants to disclose on their own terms, and not through the public record. Second, Plaintiff argues that Defendants' alleged discrimination left Plaintiff emotionally scarred, and that outing them on the public record would compound that trauma. Third, Plaintiff argues that genderqueer individuals suffer disproportionately from discrimination, and that, if outed, Plaintiff would be at further risk of discrimination by employees at their new job. Finally, Plaintiff is a parent of school-age children, and is concerned that disclosing their identity may expose their children to bullying. (*See* Dkt. No. 32 at 4–7.)

3

### B. Prejudice to Defendants

Defendants point to three types of prejudice. First, Defendants point to the non-trivial cost of sealing or redacting court filings. Second, Defendants contend that anonymity might allow Plaintiff to make accusations that they would not have made if their identity were publicly known. And third, Defendants contend that anonymity creates an imbalance when it comes to settlement negotiations: While a publicly accused defendant might be eager to settle in order to get its name out of the public eye, a pseudonymous plaintiff might hold out for a larger settlement because they face no such reputational risk.

### C. Public Interest

This case presents no particularly strong public interest in revealing Plaintiff's identity beyond the "universal public interest in access to the identities of litigants." *Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011). Of course, that universal interest is not trivial. Nevertheless, this is not the type of case in which the public interest would be especially harmed if Plaintiff proceeded pseudonymously.

### D. Overall Weighing of the Interests

There is no doubt that this suit involves matters that are highly sensitive and personal. But the key issue here is the extent to which Plaintiff has already revealed their gender and sexual orientation to the general public. *See Sealed Plaintiff*, 537 F.3d at 190 (identifying one of the factors as "whether the plaintiff's identity has thus far been kept confidential"). Defendants point to Plaintiff's voluntary participation in a news story for a major news outlet. (*See* Dkt. No. 30 at 4–6.) In the story, Plaintiff used their real name, identified as genderqueer, and revealed other details about their gender non-conformity. The article also featured a photograph of Plaintiff, and the picture specifically illustrated Plaintiff's non-conformance with gender norms.

4

For these reasons, Defendants argue that Plaintiff has already voluntarily disclosed the sensitive issues they seek to keep secret in this case.

Defendants are correct on this front. Plaintiff argues that the news story does not disclose as much as a public lawsuit would. Specifically, Plaintiff points to the fact that the news story does not identify Plaintiff as trans-masculine, whereas the Complaint does. But while that is true, the news story still shows that Plaintiff was comfortable with putting their gender-non-conformity in the public eye. The Court is mindful that coming out is a delicate process, and that LGBTQ individuals may feel comfortable disclosing one aspect of their identity but uncomfortable disclosing another. Nevertheless, Plaintiff's very public coming out as genderqueer undermines their arguments about the harm that would be caused by disclosure of their trans-masculinity. *See Corley v. Vance*, No. 15 Civ. 1800, 2015 WL 4164377, at *9 (S.D.N.Y. June 22, 2015) (denying motion to proceed pseudonymously because the underlying facts were already a matter of public record).

At the end of the day, Plaintiff has to overcome the strong default rule that parties must proceed under their real names. The parties agree that Plaintiff has already publicly disclosed that they are genderqueer. The ultimate question, therefore, is whether the additional disclosure of Plaintiff's identity as trans-masculine would so harm Plaintiff as to outweigh the significant prejudice to Defendants and the public interest in access to the identities of the litigants. Plaintiff has not met that significant burden.

At bottom, Plaintiff wants what most employment-discrimination plaintiffs would like: to sue their former employer without future employers knowing about it. But while that desire is understandable, our system of dispute resolution does not allow it. Defendants—including two individuals—stand publicly accused of discrimination and harassment, including detailed

allegations of misconduct. Defendants do not have the option of proceeding pseudonymously. Allowing Plaintiff to proceed anonymously would put Defendants at a genuine disadvantage, particularly when it comes to settlement leverage. Courts allow such an imbalance only in unique circumstances, and Plaintiff has not shown that this is one of those special cases. *Cf. Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties."); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (collecting cases granting anonymity in cases involving abortion, sexual assault, or AIDS status).

In sum, the Court certainly believes Plaintiff that public disclosure of their trans-masculinity would be difficult and uncomfortable. But this alone is not enough to demonstrate the exceptional circumstances required to proceed pseudonymously, especially in light of Plaintiff's public identification as genderqueer.

### IV. Conclusion

For the foregoing reasons, Defendants' motion to vacate is GRANTED.

Plaintiff's identity should not be revealed immediately. Instead, Plaintiff should file a letter with the Court within 14 days of the date of this order indicating whether Plaintiff intends to proceed with this suit using their real name. If Plaintiff intends to proceed, Plaintiff's real name will be used in all future filings and Plaintiff shall file an amended complaint with their real name within 14 days from the date of the letter.

The Clerk of Court is directed to close the motion at Docket Number 27.

SO ORDERED.

Dated: April 27, 2018
      New York, New York

_____
J. PAUL OETKEN
United States District Judge